RANDOLPH B. MARTINE, Respondent, *v.* THE INTERNATIONAL LIFE ASSURANCE SOCIETY OF LONDON and others, Appellants.

(GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1872.)

If a member of a firm which has an agency to take risks, &c., for an insurance company dies, the authority of its surviving members to incur new liability for the company ceases.

And where a firm of insurance agents, having authority from a life insurance company, was accustomed to receive payments of the premium upon a policy of insurance issued by the company,—*Held*, that the death of one of the firm terminated the authority of the surviving member, and that he was not authorized to receive further payments either as survivor or individually.

*Held*, further, that the insured, on taking receipts from the remaining member of the firm in the latter's name, as survivor, &c., became charged with notice of the termination of the agency, and there being no evidence of ratification by the company, that the payment of premiums to the surviving member did not charge the company.

THIS was an appeal by the defendants from a judgment in favor of the plaintiff, entered upon a referee's report. The facts appear in the opinion.

Present—INGRAHAM, P. J., and CARDOZO, J.

INGRAHAM, P. J. The referee in this case has found that the International Assurance Society is a foreign corporation; that in 1851 a policy of insurance for $5,000 on the life of James Martine was made by such society, the loss payable to his wife, Hester Martine; that James Martine died in October, 1864, in North Carolina, from causes not within the exception in the policy; that all premiums had been paid up to the time of the death of James Martine, and all the conditions of the policy were fulfilled; that Hester Martine duly assigned the claim to the plaintiff, and that the plaintiff was entitled to judgment.

It seems to be conceded that this company is to be considered as not affected by the state of war which existed between

the different sections of the country from 1860 to 1864, when Martine died, but that they were neutrals, and the existing contract between the company and Martine was not affected thereby. Nor do I think there is any difficulty as to the pay ments made to Stark & Pearce as agents for the company in North Carolina. The testimony of Holbrook is that they were the agents of the company in Fayetteville, North Carolina, to receive premiums, and that such agency had not been revoked to his knowledge. The exhibits O, P and Q, expressly authorize the premium to be paid to the agent at Fayetteville, North Carolina, and such payments made to them by the insured would be valid. In like manner the payments, if made in the currency then in use, if so received, would constitute a valid payment.

Such I understand to have been the decisions made by this court, and on some of the points by the Court of Appeals in *Robinson* v. *Inter. Life Ass. Co.* (42 N. Y., 54.)

During the year preceding June, 1862, Stark died, and the payments were made to Pearce, who receipted for the same as surviving partner, and all the subsequent payments were made in the same manner. These receipts thus given were full notice to the insured of the death of one of the agents. There is no evidence of any communication with Pearce after that date, nor of any act ratifying his agency after the death of Stark.

The agency was of the firm of Stark & Pearce. It was not to them as individuals but as a firm. Both were liable for the acts of either, and the principal had a right to suppose that the joint action of both would be invoked in the discharge of the agency. Whether that agency was merely for the purpose of receiving the money, or for the purpose of passing on the risks to be taken, would not affect the rule, if merely to receive the money, the joint liability of both for its payment was required; if for the character of the risks, the judgment of both was necessary.

When one died, all further powers of the firm ceased, except for the purpose of settling its affairs; no new business

could be transacted in the name of the firm ; no new liability could bind the estate of the deceased partner, and no authority could be executed in the name of the firm under a power given previous to the death of the partner.

All the cases relied on by the plaintiff's counsel are cases relating to the power of the surviving partner, in relation to the business of the firm.

I am of the opinion that the agency of the firm ceased with the death of one member of the firm, and could not be exercised by the survivor, either in the name of the firm, or of himself individually ; that the insured had notice of such death by the receipt given for the premium in 1862, and that the subsequent payments were not made to any agent of the insurer so as to make such payment a valid one.

There was error in this finding, and the judgment should be reversed and a new trial ordered, costs to abide event

Judgment reversed.